1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF OREGON

10    MARK ELLIS,                                    Civil No. 09-3040-AA
                                                     OPINION AND ORDER
11              Plaintiff,

12         vs.

13    MICHAEL J. ASTRUE,
      Commissioner of Social Security,
14
                Defendant.
15    _____

16    Arthur W. Stevens III
      Black, Chapman, Webber, Stevens,
17       Petersen & Lundblade
      221 Stewart Ave., Ste. 209
18    Medford, Oregon 97501
           Attorney for plaintiff
19
      Dwight Holton
20    United States Attorney
      District of Oregon
21    Adrian L. Brown
      Assistant United States Attorney
22    1000 S.W. Third Avenue
      Portland, Oregon 97204-2902
23
      Franco L. Becia
24    Special Assistant U.S. Attorney
      Office of General Counsel
25    Social Security Administration
      701 Fifth Avenue, Suite 2900 M/S 901
26    Seattle, Washington 98104-7075
           Attorneys for defendant
27
      AIKEN, Chief Judge:
28

      1    - OPINION AND ORDER

Claimant, Mark Ellis, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for disability insurance benefits (DIB) under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on January 20, 2006. Tr. 93-98. He alleged disability since April 1, 2002. Tr. 31. Plaintiff was last insured on December 31, 2007. Tr. 31,33. After the claim was denied initially and upon reconsideration, a hearing was conducted on May 19, 2008 by an Administrative Law Judge (ALJ). Tr. 4-24. On June 26, 2008, the ALJ issued a decision denying the application. Tr. 28-43. After the Appeals Council declined review, plaintiff filed a complaint in this court.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler,

807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

3    - OPINION AND ORDER

In step four the Secretary determines whether the claimant can still perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, she is not disabled.  If she cannot perform past relevant work, the burden shifts to the Secretary.  In step five, the Secretary must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. <u>The ALJ's Findings</u>

At Step One the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of April 1, 2002, through his last date insured, December 31, 2007.  Tr. 33, Finding 2.

At Step Two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the knees bilaterally; dementia/organic brain syndrome due to trauma; major depressive disorder; personality disorder with schizotypal features; and post-traumatic stress disorder.  Tr. 33, Finding 3.

At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 33, Finding 4.  Further, the ALJ determined that plaintiff had the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six hours in a eight hour workday; sit six hours in an eight hour

workday; with a sit and stand option with a change of position every 30 minutes. Plaintiff was limited to occasional climbing, stooping, kneeling, crouching and crawling and limited to simple instructions and tasks. Finally, he was limited to occasional contact with the general public. Tr. 34, Finding 5.

At Step Four, the ALJ found that plaintiff was not able to perform his past relevant work. Tr. 37, Finding 6.

At Step Five, the ALJ found that, based on plaintiff's RFC, plaintiff could perform work existing in significant numbers in the national economy; specifically noting the positions identified by the vocational expert (VE): garment sorter, table worker, and hand stuffer. Tr. 38, Finding 10.

2. Plaintiff's Allegations of Error

Plaintiff was born on December 1, 1959, and was 48 years old on the date last insured. Plaintiff has a high school education.

Plaintiff argues the ALJ erred by failing to consider the degree of his mental impairment in combination with his other impairments which if considered, would compel a finding of disability. Pl's Brief, p. 13-14. Plaintiff underwent a psychological evaluation and extensive testing. Tr. 290-94. Plaintiff met the criteria for schizotypal personality disorder. He was assigned a GAF score of 45 indicating "serious impairment in . . . occupational functioning . . . (e.g., unable to keep a job[.])." Plaintiff's psychological testing, when taking the Trails B Test, resulted in a score in the "brain damaged" range. Tr. 292. Plaintiff's Trauma Symptom Inventory was "valid with no attempt to exaggerate or minimize symptomatology," and was

consistent with a PTSD diagnosis.  Moreover, plaintiff reported auditory hallucinations, often hearing someone talk to him who was not really there.  Id.  Plaintiff's cognitive testing (WAIS-III) revealed that plaintiff was in the low-average to borderline range of baseline functioning.  His abstract verbal reasoning ability was "quite impaired."  He performed below average and showed significant weakness in all sub-tests that measured fluid intelligence.  His social judgment was below average, specifically resulting in difficulty making appropriate choices in a variety of settings which would contribute to his difficulty with work performance.  Tr. 292-93.

Further, notes from the White City Veterans Administration Medical Center where plaintiff resided indicated that regarding his "work assignments" he was restricted by physical and mental limitations.  In June 2003, he was assigned a canteen prep work position for four hours a day.  On August 29, 2003, he was terminated from his canteen aide position "due to medical reasons."  In September 2003, he was assigned to a detail worker position from approximately 10:00 a.m. to 6:00 p.m., but "hours will have to accommodate."  On September 25, 2003, plaintiff actually began working in this position but only "four hours per day."  Tr. 269-71.  The records indicate that even given the structured and sheltered work environment of the Veterans Administration Residential Work Program (SSR 83-88), plaintiff was capable of working at most only four hours per day and required accommodation due to his impairments.  I find no substantiation of evidence in the record that due to plaintiff's involvement in a sheltered workshop as part of the VA

rehabilitation program that plaintiff was therefore capable of persisting in the equivalent of full-time sedentary work. Occupational therapy programs in VA Domiciliaries are a sheltered employment situation where work performed is not considered substantial gainful activity for Social Security disability purposes. See SSR 83-33.

On June 5, 2003, when plaintiff returned for a follow-up of a right occipital lump and to check on a CT scan, he was reported as appearing "to be somewhat confused," according to the report by James Smith, M.D.   Tr. 874.   On October 2, 2006, Nurse Practioner Marcus Mayfield, FNP, one of plaintiff's primary treating medical sources at the VA Medical Center in White City, reported that plaintiff was apparently classified as permanently disabled in terms of mental health disease/disability ("organic brain syndrome") when plaintiff reported to the clinic to obtain a disabled bus permit.   Tr. 974-75.

Moreover, the ALJ erred in rejecting the conclusions of Nurse Practioner Geils based on the fact that she is not an "accepted" medical source.   Geils' opinion evidence, as a trained nurse practioner who had a treating relationship with plaintiff, although classified as an "other" medical source, should not be rejected simply because it is not from "acceptable medical sources."   20 CFR section 416.913(a), (d); SSR 06-03p. Considering SSR 06-03p, Geils' opinions are significant and should be evaluated on key issues such as impairment severity and functional effects.

The record supports plaintiff's combined effect of his mental impairments, as objectively verified by examinations,

clinical observations and test results of several treating and examining mental health medical sources, is of disabling severity. I agree that when plaintiff's combination of mental impairments is considered together with his medically verified physical impairments, including those recognized by the ALJ, the combined effect is disabling when given proper weight and considered with the testimony of the Vocational Expert at the hearing.

Further, the fact that plaintiff had been awarded a non-service connected disability pension by the VA Administration gave rise to the ALJ's duty to give such determination great weight. Specifically, the Ninth Circuit holds that an ALJ must consider the VA's finding in reaching a rating of disability, and give that disability determination "great weight." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this  14   day of May 2010.


                              /s/ Ann Aiken
                                Ann Aiken
                       United States District Judge